PER CURIAM.
The appellant appeals the summary denial of his motion for postconviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Although the appellant’s motion contained several grounds for relief, we find that only one merits discussion. The appellant argues that he was denied the effective assistance of counsel in part because the appellant’s counsel did not immediately advise the trial court that one or more of the jurors allegedly consumed alcohol. We disagree.
After the appellant was convicted of first degree murder and conspiracy to commit murder, his counsel received a telephone call from an anonymous source alleging that at least one of the jurors had consumed alcohol while the jury was sequestered. An investigation was requested by appellant’s counsel, but counsel specifically declined to raise this issue in the motion for a new trial because he felt he had insufficient information to argue the matter. The requested investigation failed to substantiate any misconduct. Immediately after the hearing on the motion for a new trial, the appellant was sentenced to death whereupon counsel made a motion of intention to interview jurors and requested permission to take depositions concerning the allegation of alcohol consumption. The request was denied.
The issue of alcohol consumption was raised in the appellant’s direct appeal wherein the appellant was challenging, among other things, the denial of his motion to interview the jury. The Supreme Court, in affirming the convictions but reversing his death sentence, declined to address the matter. Barfield v. State, 402 So.2d 377 (Fla.1981). The issue of alcohol consumption was specifically raised in appellant’s petition for a writ of habeas corpus filed in the United States District Court, Middle District of Florida, Case No. 84-695-Civ-J-14. The federal district court adopted the Magistrate’s Report and Recommendation which found that the matter was procedurally defaulted by the failure to raise it during the hearing on the motion for a new trial.[1]
To succeed on a claim of ineffective assistance of counsel, it must be shown that the alleged deficiency of representation had a prejudicial effect. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish prejudice, it must be shown that it is reasonably probable that but for the ineffectiveness, the result of the proceeding would have been different. Therefore, in the case sub judice, to establish prejudice the appellant must show, at the very least, that his motion for a new trial would have been granted had the issue of alcohol consumption been contained in that motion since that appears to be the earliest point at which the issue could have been properly raised. The appellant has not satisfied his burden.
Any prejudice which the appellant might have suffered by the failure to address in the motion for a new trial alleged alcohol consumption is minimized by the fact that the alleged alcohol consumption was within the purview of the Supreme Court during the appellant’s direct appeal. In that appeal, it was specifically urged that the trial court erred in denying appellant’s request to interview the jurors on the issue of alcohol consumption. Without explanation, the Supreme Court held that the trial court’s denial was a proper ruling. Barfield, supra, at 380.
Furthermore, we should note that the transcript of the sentencing hearing attached to the motion for postconviction relief indicates that the trial court did hear argument on alleged jury misconduct, and found that there were no facts which gave reasonable cause to believe the jury acted improperly. Undoubtedly, had the issue been raised in the motion for a new trial, the court would have come to the same conclusion and the motion for a new trial would have been denied.
We recognize that certain circumstances are so likely to cause prejudice that the *346 accused is relieved of his burden of showing it. See, U.S. v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). However, this is not one of those instances since counsel’s conduct did not deprive appellant of a competent defense nor of meaningful representation throughout all stages of his trial.
Because it is evident from the record before us that the appellant’s motion for postconviction relief is meritless, the trial court’s denial of that motion is AFFIRMED.
SMITH, C.J., and JOANOS and ZEHMER, JJ., concur.

. The Magistrate’s Report and the court’s order adopting that report were contained in the appendix of the state’s brief.